United States District Court
Southern District of Texas
**ENTERED**
June 23, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENE GAVIOLA and MARIEVIC GAVIOLA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-0725 |
| JP MORGAN CHASE BANK, N.A. and WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2007-FRE1, ASSET-BACKED PASS-THROUGH CERTIFICATES, | § § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Rene Gaviola and Marievic Gaviola ("Plaintiffs" or the "Gaviolas") filed this action against defendants JPMorgan Chase Bank, N.A. ("Chase") and Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates ("Wells Fargo") (together, "Defendants") in the 270th Judicial District Court of Harris County, Texas.[1]  The case was transferred to the 295th Judicial District Court of Harris County, Texas, and Defendants removed it

---

[1] See Plaintiff's Original Petition ("Petition"), Exhibit A-3 to Defendants' Notice of Removal, Docket Entry No. 1-1, p. 9.

to this court.[2] Pending before the court is Defendants' Motion to Dismiss Amended Complaint for Failure to State a Claim and Brief in Support ("Motion to Dismiss") (Docket Entry No. 7). For the reasons stated below, the Motion to Dismiss will be granted, and this action will be dismissed with prejudice.

## I. Factual Allegations and Procedural Background

Plaintiffs allege the following facts. On November 16, 2006, Plaintiffs obtained a home equity loan on their home located at 12223 Vista Bay Lane, Houston, Texas, 77041 (the "Property").[3] EMC Mortgage Corporation ("EMC") serviced the mortgage at the time, but Chase transferred the residential loan servicing rights to itself on April 1, 2011.[4] "Since 2008 Plaintiffs were plagued by EMC's failure to post payments and credits to the account, including escrow amounts, in a timely and accurate manner."[5] The mortgage was allegedly in "technical default" as early as September 1, 2008, for unpaid escrow advances.[6] In February and March of 2011,

---

[2] See Transfer Order, Exhibit A-5 to Defendants' Notice of Removal, Docket Entry No. 1-1, p. 34; Defendants' Notice of Removal, Docket Entry No. 1.

[3] See First Amended Complaint ("Amended Complaint"), Docket Entry No. 5, p. 2 ¶ 7.

[4] See id.; Consent Order, In the Matter of JPMorgan Chase & Co. and EMC Mortgage Corporation ("Consent Order"), Exhibit 1 to Amended Complaint, Docket Entry No. 5-1, p. 3.

[5] See Amended Complaint, Docket Entry No. 5, p. 2 ¶ 8.

[6] See id. (citing Chase Detailed Transaction History, Exhibit (continued...)

Plaintiffs made two payments of $227,615.42 each.[7] There was no indication that EMC applied those payments to the debt.[8] Chase became the mortgage servicer after the account was allegedly in arrears, which Plaintiffs assert qualifies Chase as a third-party debt collector.[9] EMC and Chase both purchased force-placed insurance for the Property even though Plaintiffs had adequate insurance.[10] Chase has refused to audit Plaintiffs' account to correct errors.[11]

On June 20, 2013, Wells Fargo filed a Rule 736 Application for Foreclosure in the 295th Judicial District Court of Harris County, Texas.[12] Plaintiffs never received service of the Rule 736 Application, and there is no proof that the required citations were placed for postal delivery.[13] The court signed a default order

---

[6](...continued)
2 to Amended Complaint, Docket Entry No. 5-2).

[7]See id.

[8]See id.

[9]See id.

[10]See id. at 3 ¶ 8.

[11]See id.

[12]Id. ¶ 9; see also Application for Court Order Allowing Foreclosure of a Lien Securing a Home Equity Loan Under Texas Constitution Article XVI, Section 50(a)(6), in Cause No. 2013-36693 ("Foreclosure Application"), Exhibit A to Motion to Dismiss, Docket Entry No. 7-1.

[13]See Amended Complaint, Docket Entry No. 5, p. 3 ¶ 9.

allowing foreclosure on September 18, 2013.[14] Unaware of Wells Fargo's default judgment, Plaintiffs unsuccessfully attempted to resolve the alleged arrearage several times by phone.[15] Chase responded to Plaintiffs' written request "for accurate information regarding the status of the mortgage payments and amounts allegedly owed" in a letter dated November 11, 2015.[16] Chase's response "contained false and misleading information which misrepresented the amount owed."[17] Plaintiffs received a letter dated February 8, 2016, from Buckley Madole, P.C., stating that the Property would be sold at a foreclosure sale on Tuesday, March 1, 2016.[18]

Plaintiffs filed the Petition on February 29, 2016, and the First Amended Complaint on April 14, 2016, after Defendants removed the case to this court.[19] Plaintiffs assert claims for violation of the Fair Debt Collection Practices Act and the Texas Debt Collection Act.[20]

---

[14] Id.

[15] Id. ¶ 10.

[16] Id. See also November 11, 2015, Letter from Chase to Rene Gaviola ("Letter"), Exhibit B to Motion to Dismiss, Docket Entry No. 7-2, pp. 1-3.

[17] See Amended Complaint, Docket Entry No. 5, p. 3 ¶ 10.

[18] Id.

[19] See Petition, Exhibit A-3 to Defendants' Notice of Removal, Docket Entry No. 1-1, p. 9; Amended Complaint, Docket Entry No. 5.

[20] See Amended Complaint, Docket Entry No. 5, p. 1; pp. 3-4 ¶¶ 11-14.

## II.  Standard of Review

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 127 S. Ct. at 1965). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 127 S. Ct. at 1966).

When considering a motion to dismiss, courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010). Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiffs' complaint and are central to their claim. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). The court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007)); see also Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996).

Under Federal Rule of Evidence 201(b)(2), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." State court documents are the proper subject of judicial notice. See 330 Cedron Trust v. Citimortgage, Inc., Civ. Action No. SA-14-CV-933-XR, 2015 WL 1566058, at *2 (W.D. Tex. April 8, 2015) (taking

judicial notice of state court documents "that are a matter of public record" attached to a motion to dismiss and notice of removal by the defendant bank in a mortgage foreclosure case); Joseph v. Bach & Wasserman, L.L.C., 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (unpublished) (taking judicial notice of "the document referenced" because "a pleading filed with a Louisiana state district court . . . is a matter of public record." (citations omitted)); Morlock, L.L.C. v. JPMorgan Chase Bank, N.A., Civ. Action No. H-13-0734, 2013 WL 5781240, at *1 n.12 (S.D. Tex. Oct. 25, 2013).

Defendants ask that the Court take judicial notice of: (1) the Foreclosure Application (Exhibit A to Motion to Dismiss, Docket Entry No. 7-1); and (2) the Letter (Exhibit B to Motion to Dismiss, Docket Entry No. 7-2). A state court document in a related proceeding is a matter of public record and the proper subject of judicial notice. The court takes judicial notice of the Foreclosure Application.[21] Because the Letter is referenced in the Amended Complaint, partially attached thereto, and central to one of Plaintiffs' claims, the court may also consider it.[22]

---

[21] Plaintiffs do not object.

[22] The Chase Detailed Transaction History is included with the Letter, and one page of it is attached to the Amended Complaint as Exhibit 2, Docket Entry No. 5-2. Compare Letter, Exhibit B to Motion to Dismiss, Docket Entry No. 7-2, p. 66 (the page Plaintiffs attached to the Amended Complaint).

## III. Analysis

### A. Fair Debt Collection Practices Act

Count One alleges that "[Chase] violated the FDCPA by misrepresenting the amount and character of the alleged mortgage debt. 15 U.S.C. § 1692e(2)(A-B). Specifically, [Chase] misrepresented the amounts of principal, escrow, interest, and fees owed under the terms of the mortgage."[23] The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(2)(A)-(B), provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of--
>
> > (A) the character, amount, or legal status of any debt; or
> >
> > (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

Defendants argue that Plaintiffs have failed to allege any misconduct by Defendants in a non-conclusory manner.[24] Plaintiffs respond that

---

[23]Amended Complaint, Docket Entry No. 5, pp. 3-4 ¶ 12. Count One is labeled "Texas Civil Practice & Remedies Code Section 12.002." "A person may not make, present, or use a document or other record with: (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property." Tex. Civ. Prac. & Rem. Code § 12.002(a)(1).

[24]See Motion to Dismiss, Docket Entry No. 7, pp. 3-4.

> [Chase] made misleading statements and misrepresentations regarding the amount of money actually paid and owed by Plaintiffs as shown in the Chase Detailed Transaction [] History (Doc. 7-2, p. 50-66). The mere fact that [Chase] insists its records are correct does make it so at this point in litigation. It is certainly plausible that [Chase] made errors in its application of funds paid by Plaintiffs. Dismissal at this time would deprive Plaintiffs of the opportunity to prove the claim in the Court. For the foregoing reasons Defendant's motion to dismiss must be denied.[25]

Plaintiffs attach one page of the Chase Detailed Transaction History for their loan to the Amended Complaint, but do not indicate what false or misleading information is contained therein or in any other correspondence with Chase.[26] In their Response, Plaintiffs cite multiple pages of the Chase Detailed Transaction History, attached in full to the Motion to Dismiss, but fail to offer any indication of how the information in it is incorrect.

Plaintiffs cite Robinson v. BAC Home Loan Servicing, LP, Civ. Action No. H-10-5168, 2011 WL 2490601, at *2 (S.D. Tex. June 21, 2011),[27] where the plaintiff alleged violations of multiple

---

[25] Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Amended Complaint for Failure to State a Claim and Brief in Support ("Plaintiffs' Response"), Docket Entry No. 10, p. 2 (citations omitted). This is the entirety of Plaintiffs' response with respect to this argument by Chase.

[26] See Amended Complaint, Docket Entry No. 5, p. 3 ¶ 10; Chase Detailed Transaction History, Exhibit 2 to Amended Complaint, Docket Entry No. 5-2.

[27] See Plaintiffs' Response, Docket Entry No. 10, p. 2. Plaintiffs cite page 5, which discusses state law claims, without explanation.

subsections of § 1692e based on a letter that the plaintiff alleged represented an "accounting fraud" and a "material misrepresentation." Id. at *2. The letter was from a law firm acting on behalf of defendant BAC Home Loan Servicing, LP and stated that the firm had been retained by BAC, that the firm had commenced a foreclosure action against the plaintiff's home and that the letter was an attempt to collect a purported debt owed to BAC. Id. at *1. The letter further notified the plaintiff that her home would be sold if she did not take action to rectify the delinquency. Id. The plaintiff alleged in her complaint that the letter failed to state the amount owed, the creditor to whom the money was owed, and the legal authority upon which BAC's or the firm's action to sell her home was based. Id. The defendant law firm moved to dismiss the FDCPA claims on the grounds that it was not a third-party debt collector. Id. at *3. The court found that the law firm was a debt collector, and "accordingly, Plaintiff [] pleaded a cause of action under the FDCPA that is 'plausible on its face.'" Id. (citing Iqbal, 129 S. Ct. at 1949).

Plaintiffs' Amended Complaint is distinguishable because it is conclusory, while the Robinson plaintiff alleged facts to support her FDCPA claims. Plaintiffs' Amended Complaint only states that Chase's Letter "contained false and misleading information which misrepresented the amount owed" and that "Chase misrepresented the amounts of principal, escrow, interest, and fees owed under the

terms of the mortgage."[28]  Although Plaintiffs do not have to satisfy their ultimate burden of proof in pleading, and Rule 8 does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (citations omitted). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 127 S. Ct. at 1966). Although the court assumes that factual allegations in the complaint are true, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." See id. (citations and quotations omitted).

The Amended Complaint's allegations fall short of the plausibility standard. For example, in Janos v. Wells Fargo Bank, N.A., Civ. Action No. H-11-3953, 2013 WL 1789304, at *1 (S.D. Tex. Apr. 26, 2013), the plaintiff alleged the following to support his FDCPA claims: "'Wells Fargo is a debt collector under the terms of the [FDCPA],' . . . 'Wells Fargo misrepresented the amount of the consumer debt allegedly owed by [plaintiff] . . . by failing to give appropriate credit for payments made on the same day,' and . . . 'Wells Fargo communicated credit information which it knew to be false.'" The plaintiff also alleged that "Wells Fargo, in connection with a forbearance agreement . . . 'failed to give

---

[28]Amended Complaint, Docket Entry No. 5, p. 3 ¶ 10; pp. 3-4 ¶ 12.

credit for two forbearance payments made on the same day,' and 'misapplied payments made by [plaintiff] by using money for fees and costs assessed on the mortgage loan, then to outstanding principal, accrued interest, and escrow costs.'" Id. Wells Fargo, the defendant, argued that plaintiff failed to plead any facts in support of his FDCPA claims. Id. at *2. "Wells Fargo focuse[d] on [plaintiff's] failure to 'specify how or when Wells Fargo misrepresented anything' or 'how, when, or to whom Wells Fargo communicated credit information which it knew to be false.'" Id. The court noted that "the pleading deficiencies outlined by Wells Fargo . . . support Wells Fargo's argument that [plaintiff] has not stated plausible claims within the meaning of Twombly and Iqbal. Id.²⁹ Here also, Plaintiffs have not identified any misrepresentation by Chase and have not pleaded factual allegations that would allow the court to draw the reasonable inference that Chase engaged in misconduct. See Iqbal, 129 S. Ct. at 1949.³⁰

---

²⁹The court held that "[i]n addition to the pleading deficiencies . . . [plaintiff's] . . . claims also fail under Twombly and Iqbal's plausibility requirement because Wells Fargo, as the mortgage servicer, cannot be considered a 'debt collector' under the FDCPA . . . ." Janos, 2013 WL 1789304, at *2.

³⁰Plaintiffs' other allegations (not mentioned in their Response) include that they made two payments to EMC (before Chase began servicing the mortgage) that EMC did not properly apply to their account. See Amended Complaint, Docket Entry No. 5, p. 2 ¶ 8. Defendants respond that "Plaintiffs blatantly misrepresented facts to the Court . . . [because] [t]he Chase Detailed Transaction history plainly shows that the February payment was returned and the March payment was applied on March 10, 2011." Motion to
(continued...)

Defendants also argue that Chase is not a debt collector under the FDCPA because it is the mortgage servicer.[31] The FDCPA "was enacted 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1234 (5th Cir. 1997) (quoting 15 U.S.C. § 1692(e)). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, "[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage

---

[30](...continued)
Dismiss, Docket Entry No. 7, p. 4 (citing Letter, Exhibit B to Motion to Dismiss, Docket Entry No. 7-2, pp. 61-65, Reference Nos. 286-319). Plaintiffs also allege that "[b]oth EMC and [Chase] purchased force-placed insurance for the property even though Gaviolas had obtained adequate insurance. [Chase] has refused to audit the Gaviolas' account to correct errors." See Amended Complaint, Docket Entry No. 5, p. 3 ¶ 8. However, the Letter states that Chase has not purchased lender-placed insurance for this loan. See Letter, Exhibit B to Motion to Dismiss, Docket Entry No. 7-2, p. 2. Plaintiffs do not address this in their Response.

[31]See Motion to Dismiss, Docket Entry No. 7, p. 5.

servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (citation omitted); see also Montgomery v. Wells Fargo Bank, N.A., 459 F. App'x 424, 428 n.1 (5th Cir. 2012); 18 U.S.C. § 1692a(4) ("The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.").

Plaintiffs argue that Chase is a debt collector because it began servicing the mortgage in 2011, after the loan was in "technical default" in January of 2009 for unpaid escrow advances.[32] Defendants point out that "[a]ccording to the pleadings in the Texas Rule of Civil Procedure 736 foreclosure suit, Plaintiffs' loan was in default as of the June 1, 2012 payment, long after Plaintiffs allege [Chase] became the servicer."[33] In the context of this 12(b)(6) motion to dismiss, however, the court will accept

---

[32] See Plaintiffs' Response, Docket Entry No. 10, p. 3 (citing Letter, Exhibit B to Motion to Dismiss, Docket Entry No. 7-2, p. 92); Amended Complaint, Docket Entry No. 5, p. 2 ¶ 8 (alleging that the loan was "allegedly in technical default as early as September 1, 2008," and citing Chase Detailed Transaction History, Exhibit 2 to Amended Complaint, Docket Entry No. 5-2).

[33] See Motion to Dismiss, Docket Entry No. 7, p. 5; Foreclosure Application, Exhibit A to Motion to Dismiss, Docket Entry No. 7-1, p. 3 ¶ 8.

Plaintiffs' allegations as true and read them to mean that the loan, in "technical default" in 2009, was still in default in April of 2011, when Chase began servicing the loan.[34]

Some courts have read Perry to mean that a mortgage servicing company is a "debt collector" if the deed of trust was assigned to it after the plaintiff defaulted. See Omrazeti v. Aurora Bank FSB, Civ. Action No. SA:12-CV-00730-DAE, 2013 WL 3242520, at *17 (W.D. Tex. June 25, 2013) (citing Reynolds v. Bank of America, N.A., Civ. Action No. 3:12-CV-1420-L, 2013 WL 1904090, at *5 (N.D. Tex. May 8, 2013); Miller v. BAC Home Loans Servicing, LP, Civ. Action No. 6:11CV22, 2012 WL 1206510, at *4 (E.D. Tex. Mar. 23, 2012); Bridge v. Ocwen Federal Bank, FSB, 681 F.3d 355, 359 (6th Cir. 2012)).

Regardless of whether Chase qualifies as a debt collector, Plaintiffs have failed to state a claim under the FDCPA. See Omrazeti, 2013 WL 3242520, at *18 ("[Plaintiff's] vague allegation that Defendants 'demand[ed] the wrong amount' is not sufficient to support the conclusion that Defendants committed a wrongful act, especially in the absence of any facts supporting that allegation (such as the amount allegedly demanded, the correct amount owed, the date of the alleged demand, or the method of the demand).").

---

[34] Chase also argues that the Chase Detailed Transaction History shows that the first payment that Plaintiffs made after April 1, 2011, was applied as the April 1, 2011 payment, indicating that the loan was not in default when Chase became the mortgage servicer. See Defendants' Reply Brief in Support of Their Motion to Dismiss Amended Complaint For Failure to State a Claim ("Defendants' Reply"), Docket Entry No. 13, p. 3.

See also Gipson v. Deutsche Bank National Trust Co., Civ. Action No. 3:13-CV-4820-L, 2015 WL 2069583, at *8 (N.D. Tex. May 4, 2015). Therefore, the court concludes that Count One should be dismissed for failure to state a claim.

B. **Texas Debt Collection Act**

Count Two alleges that "Wells Fargo[] violated the Texas Finance Code by hiring [Chase], an independent debt collector known to repeatedly or continuously engage in acts or practices that are prohibited by this chapter. Texas Finance Code § 392.306."[35] Chapter 392 of the Texas Finance Code, the Texas Debt Collection Act ("TDCA"), "'prohibits debt collectors from making fraudulent, deceptive, or misleading representations concerning the character, extent, or amount of a consumer debt' or 'from using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.'" Reece v. U.S. Bank National Association, Civ. Action No. 4:13-cv-982-O, 2014 WL 301022, at *4 (N.D. Tex. Jan. 28, 2014) (citation omitted); see also Tex. Fin. Code Ann. § 392.304(a). Section 392.306 provides that "[a] creditor may not use an independent debt collector if the creditor has actual knowledge that the independent debt collector repeatedly or continuously engages in acts or practices that are prohibited by this chapter." Defendants argue that Plaintiffs fail to allege

---

[35]See Amended Complaint, Docket Entry No. 5, p. 4 ¶ 14 (this is the entirety of Count Two, besides the statement: "Plaintiffs re-alleges [sic] the preceding paragraphs." Id. ¶ 13).

facts suggesting that Wells Fargo had actual knowledge that Chase repeatedly or continuously engaged in acts or practices prohibited by the TDCA.[36] Plaintiffs respond that "[t]he facts of said abuses and violations are readily available to Wells Fargo and the public in the form of the Federal Reserve Consent Order."[37]

The plain language of the statute requires that the defendant have actual knowledge of the debt collector's prohibited acts or practices. See Tex. Fin. Code Ann. § 392.306. Count Two merely states "Wells Fargo violated the Texas Finance Code by hiring [Chase], an independent debt collector known to repeatedly or continuously engage in acts or practices that are prohibited by this chapter."[38] The Amended Complaint is nearly devoid of factual allegations regarding Wells Fargo. It states that Wells Fargo filed a Rule 736 foreclosure application, that Plaintiffs never received service of the application, and that a default order

---

[36]See Motion to Dismiss, Docket Entry No. 7, pp. 5-6.

[37]See Plaintiffs' Response, Docket Entry No. 10, p. 3 (citing Consent Order, Exhibit 1 to Amended Complaint, Docket Entry No. 5-1). Plaintiffs' entire response to Chase's argument states: "Defendant's motion invites 'a formulaic recitation of the elements of a cause of action.' Bell. Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)[]. Plaintiffs claim Wells Fargo had the requisite knowledge of [Chase's] history of third party debt collection law violations and abuses. Doc. # 5, ¶ 14. The facts of said abuses and violations are readily available to Wells Fargo and the public in the form of the Federal Reserve Consent Order. [citing Exhibit 1]." Id.

[38]Amended Complaint, Docket Entry No. 5, p. 4 ¶ 14.

allowing foreclosure was signed on September 18, 2013.[39] However, it does not state Wells Fargo's relation to the loan, the Property, or Chase, besides indirectly alleging in Count Two that Wells Fargo hired Chase.

The threadbare allegation that Chase is "known to repeatedly or continuously engage in acts or practices that are prohibited by this chapter" cannot support a claim. See Thomas v. Miramar Lakes Homeowners Association, Civ. Action No. 4:13-CV-1479, 2014 WL 3897809, at *5-6 (S.D. Tex. Aug. 6, 2014) ("To support her [§ 392.306] claim, [plaintiff's] amended complaint offers nothing more than a threadbare recitation of the statute. She does not offer any facts showing that [defendant] had 'actual knowledge,' or any knowledge, that [the hired debt collector] 'repeatedly or continuously' engaged in conduct prohibited by the TDCA. As such, [plaintiff] has failed to state a claim for relief under this section and her claim is dismissed."); Reece, 2014 WL 301022, at *4 ("Plaintiff contends Barrett 'has been sanctioned multiple times in the state of Texas for its violation of debt collection practices. Defendant U.S. Bank has violated Texas law.' . . . Plaintiff attached three exhibits to his First Amended Complaint, which report various sanctions against Barrett. The three documents, however, do not refer to the TDCA. Additionally, Plaintiff does not plead any facts showing Defendants had 'actual knowledge that

---

[39] Id. at 3 ¶ 9.

the independent debt collector repeatedly or continuously engages in acts or practices that are prohibited by this chapter.' Lastly, Plaintiff does not plead any actual damages suffered as a result of Defendants' alleged violation of the TDCA. Accordingly, the Court finds that Plaintiff fails state a claim under [§ 392.306].") (citations omitted); see also Woods v. Keiffer, No. 4:13-CV-957-A, 2014 WL 572505, at *5 (N.D. Tex. Feb. 12, 2014).[40] For these reasons, Plaintiffs have failed to state a claim upon which relief can be granted, and the TDCA claim will be dismissed.

## IV. Conclusions and Order

For the reasons discussed above, Plaintiffs have not stated any claims upon which relief can be granted in the Amended Complaint. Defendants' Motion to Dismiss Amended Complaint for Failure to State a Claim (Docket Entry No. 7) is therefore **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 23rd day of June, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[40]Defendants point out that the Consent Order was signed on April 13, 2011, and Chase became the mortgage servicer on April 1, 2011. See Defendants' Reply, Docket Entry No. 13, p. 4. The Amended Complaint gives no indication of when Wells Fargo hired Chase.